Defendant-appellant appeals from the denial by the trial court of his oral motion to withdraw his guilty plea which was made by his attorney midway through his sentencing hearing. The appellant also assigns as error the trial court's alleged failure to comply with Crim.R. 11 by not informing the appellant of the potential penalties which could be imposed as a result of his guilty plea and its purported failure to confirm that the plea was knowingly, voluntarily and intelligently entered.
The indictment in this case arose out of a transaction whereby the appellant arranged for another individual, co-defendant Tamika Hauser, to sign for a parcel containing a large amount of non-crack cocaine which was being delivered by United Parcel Service (UPS). Federal Drug Enforcement Agency (DEA) officers were alerted to the fact that the parcel in question contained a quantity of narcotics by trained police dogs stationed at the UPS facility in Highland Heights, Ohio.
At the time that the delivery of the package was being made, the appellant's vehicle was spotted driving around the block at a high rate of speed. A DEA agent disguised as a UPS driver effected the delivery of the package to Hauser, who signed for the package under the fictitious name of Mary Reynolds. The appellant was arrested trying to leave the vicinity in his 1993 Pontiac Bonneville. After being detained by DEA agents, Hauser stated that she signed for the package as a favor to the appellant who had been supporting her for several months, and that she had no additional involvement with the delivery or planned distribution of the drugs.
The appellant was indicted in a three count indictment on October 14, 1998. Count one alleged that the appellant knowingly possessed a controlled substance, cocaine, in an amount exceeding 1,000 grams, a felony of the first degree. According to the representation of the prosecutor, the street value of the shipment of cocaine in question was over $400,000. Count one included a major drug offender specification pursuant to R.C. 2929.01(Y). Count two charged that the appellant knowingly prepared the quantity of drugs in question for sale, a violation of R.C.2925.07. Count three charged the appellant with possession of criminal tools in violation of R.C. 2923.24.
On March 29, 1999, the State of Ohio amended the indictment pursuant to a plea agreement as follows. Counts two and three were deleted, as was the major drug offender specification in count one. Count one was amended to incorporate the attempt statute, R.C.2923.02, making that count a felony of the second degree. As part of the plea agreement, the appellant agreed to forfeit his 1993 Bonneville. The plea agreement also called for the prosecutor to recommend a sentence of five years imprisonment, although both the prosecutor and appellant's counsel stated on the record that they fully understood that the recommendation was not binding on the trial court.
Midway through the April 19, 1999 sentencing hearing, and after an acrimonious exchange with the judge, appellant's trial counsel suddenly stated that his client might want to change his plea. After a recess the judge permitted appellant's counsel to make an oral motion to withdraw the previously entered guilty plea. The appellant's counsel did make such a motion on the record, but offered no argument in support of the motion. When the appellant was asked by the judge if he had any comment on the motion, the appellant merely responded, I'm ready to go to trial.
The judge denied the motion to withdraw the guilty plea and proceeded to sentence the appellant to a term of six years imprisonment. Additionally, the appellant was fined $15,000 and had his driver's license suspended for a period of five years.
The appellant timely filed the within appeal from the rulings and the sentence of the trial court. The first assignment of error states:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DENIED DEFENDANT'S MOTION TO WITHDRAW HIS PLEA.
Crim.R. 32.1 provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
In State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, paragraphs one and two of the syllabus, this court held:
 1. A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.
 2. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.
Where a defendant (1) is represented by competent counsel, (2) is given a full hearing before entering the plea, and (3) is given a hearing on the motion to withdraw during which the court considers the defendant's arguments in support of the motion, the trial court does not abuse its discretion in denying the plea withdrawal. Peterseim, supra, 68 Ohio App.2d at 214,428 N.E.2d at 865-866. See, also, State v. Lockett (Mar. 6, 1996), Summit App. No. 17523, unreported, 1996 WL 99772.
The appellant in this case was given a hearing in court on his oral motion to withdraw his guilty plea. The appellant was given a full opportunity at the hearing to state the reasons underlying his motion on the record.
During the sentencing hearing, prior to the time that he changed his mind about maintaining his previously entered plea of guilty, the appellant stated on the record I'm sorry for what I had done. I know what I had done. I am ready to face my punishment.
The appellant's motion to withdraw seems to have been occasioned more by bickering between the trial judge and appellant's trial counsel on tangential matters than by any change of heart or genuine belief in his own innocence on the part of the appellant. For instance, the trial judge seems to have been offended by appellant's counsel's characterization of prior proceedings involving the same defendant and the same drug bust in federal court[1] and appellant's trial counsel's reference to the fact that the plea agreement reached with the prosecutor's office called for a jointly recommended sentence of five years imprisonment.[2] The first indication on the record of any desire to withdraw the guilty plea was made by appellant's counsel, who stated maybe I should withdraw my plea after being asked why he was pleading a case that had allegedly been described as garbage. (See footnote 1, supra.) After taking a break, the judge reconvened, at which time appellant's counsel was able to make his oral motion to withdraw guilty plea on the record. He never gave any reason why his client wanted to withdraw the plea. When given an opportunity to speak on the issue, appellant merely stated I'm ready to go to trial. Neither the appellant or his counsel ever indicated on the record prior to the denial of the motion that the appellant believed that he was not guilty of the crime with which he was charged. As was stated earlier in this opinion, the appellant had already reiterated his admission of guilt on the record before the sentencing hearing became contentious.
The judge specifically inquired of appellant's trial counsel whether he believed that Crim.R. 11 had been complied with at the time that the plea was taken. Appellant's counsel answered [t]he only thing I'm stating, Your Honor, is that the court clearly complied with Rule 11, no question about it.
In light of the totality of the circumstances surrounding the appellant's motion to withdraw his guilty plea, this court concludes that the trial court did not abuse its discretion in denying the motion. The appellant was represented by competent counsel and was afforded an opportunity to fully articulate the reasons behind his desire to withdraw his plea. There was no representation made that there had been a change in circumstances or that the appellant had wrongfully felt pressured into entering his guilty plea in the first place. In fact, at the plea hearing the appellant answered negatively when asked by the trial judge whether he would leave the courtroom and say: I did this just to get over with, I'm an innocent man. The appellant offered no argument in support of his motion for the court to take into consideration. Therefore, the ruling by the trial court did not constitute an abuse of discretion. The first assignment of error is overruled.
The second and third assignments of error have a common basis in law and fact and will be addressed concurrently in this opinion. The second and third assignments of error state:
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NEVER INFORMED AS TO THE PENALTIES.
 III. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HIS PLEA OF GUILTY WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED.
Crim.R. 11(C) provides in pertinent part:
* * *
 (2) In felony cases the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with the understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
In order to comply with Crim.R. 11(C), a trial court must determine whether the defendant fully comprehends the consequences of his plea of guilty. Such a determination is made through an oral dialogue between the trial court and the defendant who is entering the plea of guilty or no contest.
Adherence to the provisions of Crim.R. 11(C)(1) requires an oral dialogue between the judge and the defendant which enables the judge to determine fully the defendant's understanding of the consequences of his plea of guilty or no contest. State v. Caudill (1976), 48 Ohio St.2d 343, [48 Ohio St.2d 342] paragraph two of the syllabus.
In addition, the Supreme Court of Ohio has established that a trial court in accepting a plea of guilty, need only substantially comply with the mandates of Crim.R. 11(C). State v. Stewart (1977), 51 Ohio St.2d 86, 92, 364 N.E.2d 1163. While literal compliance with Crim.R. 11 is the preferred practice, the fact that the trial court does not strictly comply with Crim.R. 11 does not compel vacating the defendant's guilty plea if the reviewing court determines that there was substantial compliance. State v. Nero (1990), 56 Ohio St.3d 106, 564 N.E.2d 474. In Nero, the Ohio Supreme Court stated:
 Substantial compliance means that under the totality of circumstancesthe defendant subjectively understands the implications of his plea and the rights he is waiving.
 Stewart, supra; State v. Carter (1979), 60 Ohio St.2d 34, 38, 396 N.E.2d 757, 760, certiorari denied (1980), 445 U.S. 963. Furthermore a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Stewart, supra, at 93, 364 N.E.2d at 1167; Crim.R. 52(A). The test is whether the plea would have otherwise been made.
Id. at 108.
In reviewing the colloquy between the trial court and defendant-appellant, we find the trial court substantially complied with the requirements set forth in Crim.R. 11.
In the instant case, the trial court was in, at a minimum, substantial compliance with Crim.R. 11. The appellant states that the trial court failed to inform him of the potential penalties arising out of his plea because he was never told that he could be subject to a fine and he was never told that his driver's license could be suspended. The record does not support these assertions.
At the sentencing hearing the judge requested that the prosecutor state on the record the potential license suspension facing the appellant as a result of his plea. The prosecutor did so state on the record, prior to the juncture at which the appellant attempted to withdraw his plea. The appellant did not state that he was surprised by the potential license suspension and he did not list the suspension as a reason why he attempted to withdraw his plea. Given the fact that the suspension was for a period of five years and that the trial court imposed a sentence of imprisonment of six years, there was no prejudice to the appellant in specifying the driver's license suspension prior to sentencing, rather than at the time of the plea hearing.
At the plea hearing the judge specifically requested that the prosecutor state on the record the potential fine facing the appellant. The prosecutor stated, in the presence of the appellant and his attorney, that the fine is $7500 mandatory which can go up to $15,000. The appellant was fined $15,000 in accordance with the statute. Thus, the appellant's contention that he was not informed at the time that he entered his plea that he was facing a mandatory fine is misguided.
The appellant also makes the somewhat interesting argument that because the indictment was amended to attempted possession of cocaine, he should have been sentenced under the attempt statute, R.C. 2923.02, and not R.C. 2925.11, Possession of Drugs.
R.C. 2923.02(E) states in relevant part, an attempt to commit any * * * offense is an offense of the next lesser degree than the offense attempted.
Pursuant to the terms of the plea bargain stated on the record, the attempt statute was incorporated into R.C. 2925.11. The appellant was originally indicted under R.C. 2925.11(C)(4)(f), which makes possession of one thousand grams or more of cocaine that is not crack cocaine, a felony of the first degree. By incorporating the attempt statute, the offense became a felony of the second degree. There was never any agreement to amend the indictment to delete R.C. 2925.11 so that the penalties provided for violations of that section would not apply.
An attempted possession of drugs is not a separate and distinct crime from possession of drugs, but rather is incorporated into the offense. State v. Guillem (Dec. 2, 1999), Cuyahoga App. No. 75995, unreported. The sole effect of the plea agreement was to reduce the prison term facing the appellant from three, four, five, six, seven, eight, nine or ten years under R.C.2929.14(A)(1), felony of the first degree, to two, three, four, five, six, seven or eight years under R.C. 2929.14(A)(2), felony of the second degree. The appellant was still subject to the mandatory fines and license suspension provisions of R.C.2925.11(E)(1)(a) and R.C. 2925.11(E)(2).
Therefore, this assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ MICHAEL J. CORRIGAN, JUDGE
DYKE, A.J., and KILBANE, J., CONCUR.
[1] Defense counsel stated that he was told by an assistant U.S. attorney that the matter was being dismissed on the federal level because it was too insubstantial. In response to further questioning on the issue, defense counsel stated that he was specifically told by the assistant U.S. attorney that the case was garbage and that he was getting rid of it.
[2] Defense counsel made it clear to the court that he and his client both understood that the recommended sentence was in no way binding on the court and that the court had full authority and discretion to impose any sentence up to the maximum term of imprisonment.